Michael R. McDonald, Esq.
Kate Janukowicz, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4827
Facsimile: (973) 639-6295

Neil K. Gilman, Esq. (*pro hac vice* to be filed)
Eric R. Hail, Esq. (*pro hac vice* to be filed)
**HUNTON & WILLIAMS LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 468-3332
Facsimile: (214) 740-7128

*Attorneys for Defendant*
*TEMPOE, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALICIA GARCIA and PRISCILA DOMINGUEZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEMPOE, LLC, TEMPOE NEW JERSEY, LLC, WHYNOT LEASING, LLC, BUY AND SAVE FURNITURE, INC., CLASSIC FURNITURE CORP., and JOHN DOE NEW JERSEY TEMPOE RETAILERS 1-100,<br><br>Defendants. | Civil Action No. _____<br><br>*Document electronically filed*<br><br><br>**NOTICE OF REMOVAL**<br><br><br>[Previously pending in the Superior Court of New Jersey, Essex County, Law Division, ESX-L-0273-17] |

**TO:   THE CLERK OF THE UNITED STATE DISTRICT COURT**
      **FOR THE DISTRICT OF NEW JERSEY**

## DEFENDANT TEMPOE, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant TEMPOE, LLC f/k/a WhyNot Leasing, LLC files this Notice of Removal, and as grounds for removal states the following:

**A.     The Removed Case.**

1.     TEMPOE, LLC f/k/a WhyNot Leasing, LLC ("TEMPOE")[1] is a defendant in a civil action pending in the Superior Court of New Jersey, Essex County – Law Division, styled: *Alicia Garcia and Priscila Dominguez, on behalf of themselves and others similarly situated, v. TEMPOE, LLC, TEMPOE New Jersey, LLC[2], WhyNot Leasing, LLC, Buy and Save Furniture, Inc., Classic Furniture Corp., and John Doe New Jersey TEMPOE Retailers 1-100*, Cause No. ESX-L-0273-17 ("the State Court Action").

**B.     This Court Has Diversity Jurisdiction Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).**

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because it is a "class action" in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) ("CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'"). Grounds for removal "should be made in a short plain statement, just as required

---

[1] TEMPOE and WhyNot Leasing, LLC are the same entity.  In March 2015, WhyNot Leasing, LLC filed the necessary documentation with the Delaware Secretary of State to change its name from "WhyNot Leasing, LLC" to "TEMPOE, LLC".

[2] TEMPOE states that an entity named TEMPOE New Jersey, LLC does not exist.

1

of pleadings under Fed. R. Civ. P. 8(a)." *Kendall v. CubeSmart L.P.*, 15-CV-6098, 2015 WL 7306679, at *2 (D.N.J. Nov. 19, 2015). "No evidentiary support is required, and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Id.* (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014)).

3. Here, the requirements for jurisdiction under CAFA are easily satisfied.

**(i)   "Minimal Diversity" is Satisfied.**

4. Though Plaintiff Alicia Garcia's residence is not stated in Plaintiffs' State Court Class Action Complaint (the "State Court Complaint"), Exhibit A to the State Court Complaint states that Plaintiff Alicia Garcia resides at 38 Strong St. 1, Wallington, New Jersey. *See* State Court Compl. (attached hereto as **Exhibit 3**), Exhibit A thereto at 1. Thus, Plaintiff Garcia is a citizen of New Jersey for diversity purposes.

5. Likewise, though Plaintiff Priscilla Dominguez's residence is not stated in the State Court Complaint, Exhibit B to the State Court Complaint states that Plaintiff Priscilla Dominguez resides at 553 65th Street 9, West New York, New Jersey. *See* **Ex. 3**: State Court Compl., Exhibit B thereto at 1. Thus, Plaintiff Dominguez is a citizen of New Jersey for diversity purposes.

6. Plaintiffs bring claims individually and on behalf of "[a]ll natural persons who *resided in New Jersey* on the date this Complaint is filed and who, during the proposed class period [six years prior to the filing of the Complaint], entered into a Consumer Lease Agreement with Tempoe or WhyNotLeaseIt . . . ." **Ex. 3**: State Court Compl. ¶ 106 (emphasis added). Accordingly, the proposed class, as defined, includes citizens of New Jersey for diversity purposes.

7.      Defendant TEMPOE is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Manchester, New Hampshire. Accordingly, under CAFA, TEMPOE is a citizen of Delaware and New Hampshire for diversity purposes. 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 703 (4th Cir. 2010) (holding that an LLC's citizenship "for purposes of CAFA is that of the State under whose laws it is organized and the State where it has its principal place of business."); *Coleman v. Chase Home Fin., LLC,* 08-CV-2215, 2009 WL 1323598, at *2 (D.N.J. May 11, 2009) (same). Therefore, with Plaintiffs and potential class members being citizens of New Jersey, and Defendant TEMPOE being a citizen of Delaware and New Hampshire under § 1332(d)(10), the minimal diversity required by § 1332(d)(2)(A) is satisfied.

**(ii)      The Aggregate Number of Proposed Class Members is 100 or More.**

8.      Plaintiffs attempt to assert claims on behalf of "[a]ll natural persons who resided in New Jersey on the date this Complaint is filed and who, during the proposed class period, entered into a Consumer Lease Agreement with Tempoe or WhyNotLeaseIt," with the "proposed class period" being six years prior to the filing of the State Court Complaint. **Ex. 3**: State Court Compl. ¶ 106.  Plaintiffs also state that "[b]oth Classes[3] for whose benefit this action is brought contains members so numerous that joinder of all members is impracticable." *Id.* ¶ 107.  Though Plaintiffs do not set forth an estimate of the number of potential class members, since 2012, TEMPOE has entered into approximately 31,300 leases in New Jersey with lessees who provided

---

[3] Plaintiffs purport to "seek certification of *two* classes," (**Ex. 3**: State Court Compl. ¶ 103, emphasis added), but provide only *one* class definition. (*Id.* ¶ 106).

an address in New Jersey as their physical address.[4] Thus, the aggregate number of proposed class members far exceeds 100.

### (iii) The Matter in Controversy Exceeds the Sum or Value of $5,000,000.

9. The "language of CAFA favors federal jurisdiction over class actions" and "[f]or that reason (and unlike non-CAFA removal situations), 'no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.'" *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 592 n.9 (D.N.J. 2016) (quoting *Dart*, 135 S. Ct. at 554). Likewise, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.

10. The amount in controversy considers all types of relief sought, including "damages," "injunctive relief," and "declaratory relief." *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005); *see also Rasberry v. Capitol Cnty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 600–01 (E.D. Tex. 2009). The calculation also includes any "prospective relief" arising from any requested injunctive relief. *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) ("As such, in determining the 'value of the injunctive relief that the class demands,' the 'cost of prospective relief cannot be ignored in the calculation of the amount in controversy.'"); *see also* Class Action Fairness Act of 2005, S. Rep. No. 109–14, at 42–43. (Feb. 28, 2005), reprinted in 2005 U.S.C.C.A.N. 3, 4041, 2005 WL 627977 (noting that "a class action seeking an injunction that would require a defendant to restructure its business in some fundamental way might 'cost' a defendant well in excess of [the statutory minimum] ..., but might have substantially less 'value' to a class of plaintiffs.").

---

[4] This number does not include leases executed *outside of New Jersey* by lessees who provided an address in New Jersey as their physical address (*e.g.*, leases executed in New York by lessees who live in New Jersey).

11. Here, each of the Counts of Plaintiffs' Complaint separately plead for damages in excess of the jurisdictional minimum of $5,000,000.

### 1. Plaintiffs' TCCWNA Claim Alone Seeks Statutory Damages in Excess of $5 Million.

12. Count Two of the Plaintiffs' Complaint seeks damages for alleged violations of the New Jersey Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA") "of not less than $100 for each contract or notice offered, entered into, and/or displayed, plus actual damages, plus attorneys' fees and costs pursuant to N.J.S.A. 56:12-17." **Ex. 3**: State Court Compl. ¶ 144. Thus, Plaintiffs seek statutory damages, actual damages, and attorneys' fees regarding each of the 31,300 leases noted above. Computing damages based upon $100 per lease equates to $3,130,000. But, Plaintiffs demand "***not less than $100***" for each lease, a clear indication that they seek to recover $100 in statutory damages for *each* alleged violation in *each* lease. For support, Plaintiffs allege that each lease contains *at least two* TCCWNA violations.[5] **Ex. 3:** State Court Compl. ¶¶ 141-142. It is therefore reasonable to interpret Plaintiffs' Complaint as demanding at least $200 per lease. **Ex. 3**: State Court Compl. ¶¶ 141-142. *See Walsh v. Defs. Inc*, 16-CV-0753, 2016 WL 6775706, at *3 (D.N.J. July 15, 2016), report and recommendation adopted sub nom. *Walsh v. Defs., Inc.*, 16-CV-0753, 2016 WL 6775634 (D.N.J. Nov. 15, 2016) (aggregating TCCWNA statutory damages for 3,567 potential class members, stating "Defenders initially calculated $356,700 in statutory penalties under TCCWNA yet this original estimate conservatively limited itself to just one violation. Since the Amended Complaint alleges *seven* TCCWNA violations, the potential total in statutory damages amounts

---

[5] In fact, when read carefully, the Complaint sets forth *more* than two alleged TCCWNA violations in each lease. *See, e.g.,* **Ex. 3:** State Court Compl. ¶¶ 141-142 (alleging that Defendants' purported TCCWNA violations arise from violations of "the CFA, the Criminal Usury Statute, RISA and/or the CFLA"); *see also id.* ¶ 147(a)-(d) (seeking a declaratory judgment for violations of the TCCWNA on four additional grounds).

to $2,496,000.") (internal quotations omitted, emphasis in original). Thus, Plaintiffs seek more than $5,000,000 in TCCWNA statutory damages alone: $200 x 31,300 leases = **$6,260,000**.

13. In addition to the alleged TCCWNA statutory damages, Plaintiffs also seek to recover attorneys' fees under TCCWNA (N.J.S.A. § 56:12-17). **Ex. 3**: State Court Compl. ¶ 144. "An award of attorneys' fees must be included as part of the amount in controversy determination where such an award is provided for by statute." *Kendall v. CubeSmart L.P.*, 15-CV-6098, 2015 WL 7306679, at *5 (D.N.J. Nov. 19, 2015). "[C]ourts within this district have adopted a 'reasonableness approach,' which utilizes the median attorneys' fee award of 30% when determining the amount in controversy." *Id.* (collecting cases, and estimating attorneys' fees in CAFA analysis as 30% of potential judgment).

14. Thus, estimating 30% of the potential judgment as attorneys' fees is proper in determining the amount in controversy under CAFA. However, because the amount in controversy on Plaintiffs' TCCWNA claim is already over $5 million ($200 x 31,300 leases = $6,260,000), attorney's fees would need to be considered only if the Court were to find that the TCCWNA claim seeks a *__maximum__* of $100 per lease, even though the Complaint clearly seeks more by demanding "*not less than $100*" and by alleging multiple violations. In that event, though, if Plaintiffs recover $3,130,000 in TCCWNA statutory damages (*i.e.*, at $100/lease), attorneys' fees at 30% would be $939,000, bringing the aggregate amount in controversy to $4,069,000. *See Walsh*, 2016 WL 6775706, at *3 (estimating attorneys' fees at 30% of recovery in CAFA analysis); *Kendall*, 2015 WL 7306679, at *5 (same). This $4,069,000 does not even take into account the purported "actual damages" under TCCWNA that Plaintiffs appear to seek in addition to statutory damages, and of course, does not take into consideration the amount in controversy on the other causes of action pled in the Complaint.

> **2.  The Value of Plaintiffs' CFA Claim for Declaratory Relief, Injunctive Relief, and Attorneys' Fees Far Exceeds CAFA's $5 Million Jurisdiction Threshold.**

15. Count One of Plaintiffs' Complaint also asserts class claims under the New Jersey Consumer Fraud Act ("CFA") N.J.S.A. § 56:8-19. However, in an attempt to plead around the CAFA amount-in-controversy threshold, the Complaint alleges that "Plaintiffs do not seek class-wide monetary relief for the alleged CFA violations" (**Ex. 3:** State Court Compl. ¶ 10), while also seeking "for themselves only, treble damages under the CFA." *Id.* ¶ 138. But Plaintiffs *do* seek on behalf of all class members "a declaratory ruling that the Defendants violated the CFA" in various ways that is "binding" on TEMPOE (*id.* ¶¶ 117, 133), and they also demand an injunction.

16. CAFA jurisdiction cannot be avoided by artful pleading. It is well settled that the "value" of the object of the litigation, not just artfully-pled express monetary relief, is the broad metric for calculating the amount in controversy. *Hunt v. Washington State Apple Advert. Comm'n,* 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by *the value* of the object of the litigation.") (emphasis added); *Keeling*, 660 F.3d at 274 (holding that injunctive and prospective relief must be included in the calculation of the amount in controversy.); *see also* Class Action Fairness Act of 2005, S. Rep. No. 109–14, at 42–43. (Feb. 28, 2005), reprinted in 2005 U.S.C.C.A.N. 3, 4041, 2005 WL 627977 (noting that "a class action seeking an injunction that would require a defendant to restructure its business in some fundamental way might 'cost' a defendant well in excess of [the statutory minimum] ..., but might have substantially less 'value' to a class of plaintiffs.").

7

17. The District Court in *Walsh v. Defs. Inc,* 16-CV-0753, 2016 WL 6775706 (D.N.J. July 15, 2016), recently made clear that the tactic of characterizing CFA relief as only "declaratory" in nature yet "binding" as to subsequent proceedings for monetary relief—incidentally, a tactic employed by the same Plaintiffs' counsel here—will not avoid CAFA jurisdiction. *See id.* at *3 ("If Mr. Walsh is successful on his claim seeking injunctive relief and a declaratory ruling that Defenders violated the CFA, the putative class members may also recover the full value of their three-year contracts. The 3,567 customers who entered New Alarm Services Contracts could be issued a full refund between $4,236,408 and $6,162,048, at an average of $5,135,040.31.") (internal quotations omitted); *see* N.J.S.A. § 56:8-2.11 (permitting prevailing CFA plaintiffs to recover "a refund of all moneys acquired by means of any practice declared herein to be unlawful").

18. Here, just as in *Walsh*, Plaintiffs' Complaint seeks, among other things, a judgment declaring that the purported CFA violation "stands as a ***binding ruling*** on these issues for any subsequent proceedings by or against the Defendants." *See* **Ex. 3**: State Court Compl. ¶¶ 117, 133, 135 (emphasis added). Therefore, just as in *Walsh*, the value of the declaratory relief includes the potential refund liability under N.J.S.A. § 56:8-2.11, allegedly entitling class members to "a refund of all moneys" paid as a result of an unlawful practice. *See* N.J.S.A. § 56:8-2.11; *Walsh*, 2016 WL 6775706, at *2 (amount in controversy "plausibly exceeds $5,000,000" because "if Mr. Walsh is successful on his claim seeking injunctive relief and a declaratory ruling that Defenders violated the CFA, the putative class members may also 'recover the full value of their three year contracts.'"). As noted above, Plaintiffs' proposed class period is the previous six years. For leases executed in 2016 in New Jersey with lessees who gave a New Jersey address, TEMPOE has received payments totaling approximately

**$8,824,937.52**. Thus, a declaratory judgment that TEMPOE has violated the CFA has a value of up to **$8,824,937.52**, without even considering lease payments received on leases executed prior to 2016 or since January 1, 2017.

19. Furthermore, Count One of Plaintiffs' Complaint also seeks an injunction prohibiting TEMPOE from "further efforts to collect unlawful interest, return payment fees, or late fees on executory Consumer Lease Agreements" and "prohibiting [TEMPOE] from entering into future Consumer Lease Agreements imposing such interest or charges." **Ex. 3**: State Court Compl. at ¶136, Prayer for Relief I(e), p. 30. The injunction sought in the Complaint seeks to prevent TEMPOE from collecting any lease payments on existing contracts and prohibits entry into future leases. In January 2017 *alone*, TEMPOE collected payments totaling approximately $440,110.91 on New Jersey leases with lessees providing a New Jersey address. Using January 2017 – the month the Complaint was filed – as a benchmark, the injunctive relief sought by Plaintiffs could cause TEMPOE to sustain losses of approximately $5,281,330.92 per year ($440,110.91 x 12 months) going forward, which is, by itself, in excess of the $5,000,000 CAFA threshold. And, because the CFA (like TCCWNA) provides for attorneys' fees (N.J.S.A. § 56:8-19), the Court must also factor that recovery into its CAFA analysis. *Kendall*, 2015 WL 7306679, at *5. Under the 30% "reasonableness approach," Plaintiffs' CFA claim-related attorneys' fees would further escalate the amount in controversy to well beyond the statutory minimum.

20. The amounts in controversy for Counts One (CFA) and Two (TCCWNA) are each, separately, well above CAFA's jurisdictional threshold. And a plain reading of the Complaint suggests that the amount in controversy pled is still much greater. For example, the above analysis does not even take into account CFA treble damages, the value of Plaintiffs'

proposed relief of "direct-mail notice," or violations of the Retail Installment Sales Act ("RISA"), the New Jersey Criminal Usury Statute, and the New Jersey Consumer Finance Licensing Act, each of which raises additional financial liabilities. *Id.* ¶ 135. The amount in controversy would be further increased by considering all of the above.

**C.    Removal is Timely.**

21.    Plaintiffs served their State Court Complaint on TEMPOE on February 28, 2017. Therefore, this Notice of Removal is filed within 30 days of February 28, 2017, and is timely under 28 U.S.C. § 1446(b)(1).

**D.    Venue is Proper.**

22.    Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the State Court Action is pending.

**E.    Notice to State Court.**

23.    TEMPOE will promptly file a Notice of Removal with the Clerk of the Superior Court of New Jersey, Essex County – Law Division as required by 28 U.S.C. § 1446(d).

**F.    Notice to Parties.**

24.    TEMPOE will also promptly give Plaintiffs written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

**G.    Copies of State Court Filings.**

25.    Pursuant to 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies of the following:

    a.    A copy of the letter notify the Clerk of the New Jersey Superior Court, Essex County, Law Division, of removal from state court (**Exhibit 1**);

    b.    All executed process in the case (**Exhibit 2**);

    c.    Pleadings asserting causes of action and all answers to such pleadings (**Exhibit 3**); and

    d.    State Court Track Assignment Notice (**Exhibit 4**).

WHEREFORE, Defendant TEMPOE, LLC f/k/a WhyNot Leasing, LLC hereby effectuates and gives notice of removal of this cause to the United States District Court for the District of New Jersey.

Dated:  March 30, 2017                        Respectfully submitted,

                                               s/ Michael R. McDonald
                                               Michael R. McDonald, Esq.
                                               Kate Janukowicz, Esq.
                                               **GIBBONS P.C.**
                                               One Gateway Center
                                               Newark, New Jersey 07102-5310
                                               Telephone:  (973) 596-4827
                                               Facsimile:  (973) 639-6295
                                               mmcdonald@gibbonslaw.com
                                               kjanukowicz@gibbonslaw.com

                                               Neil K. Gilman, Esq. (*pro hac vice* to be filed)
                                               Eric R. Hail, Esq. (*pro hac vice* to be filed)
                                               **HUNTON & WILLIAMS LLP**
                                               1445 Ross Avenue, Suite 3700
                                               Dallas, Texas  75202
                                               Telephone:  (214) 468-3332
                                               Facsimile:  (214) 740-7128
                                               ngilman@hunton.com
                                               ehail@hunton.com

                                               *Attorneys for Defendant*
                                               *TEMPOE, LLC*