UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALICIA GARCIA, and PRISCILA DOMINGUEZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEMPOE, LLC, TEMPOE NEW JERSEY, LLC, WHYNOT LEASING, LLC, BUY AND SAVE FURNITURE, INC., CLASSIC FURNITURE CORP., and JOHN DOE NEW JERSEY TEMPOE RETAILERS 1-100,<br><br>Defendants. | Civil Action No.<br><br>17-2106 (SDW) (LDW)<br><br><br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter comes before the Court on a motion by plaintiffs Alicia Garcia and Priscila Dominguez to remand this action to the Superior Court of New Jersey, Law Division, Essex County. ECF No. 11. Defendant Tempoe, LLC ("Tempoe") opposes the motion.[1] ECF No. 16 United States District Judge Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation. Having considered the parties' submissions, oral argument before the Court, and for good cause shown, the Court recommends that plaintiffs' motion be **DENIED**.

### I. BACKGROUND

This is a putative class action alleging Defendant Tempoe's rent-to-own contracts for furniture and appliances violate New Jersey consumer protection laws. Complaint ("Compl."), ECF No. 1-3 ¶ 1. Tempoe, a Delaware limited liability company that offers financing for

---

[1] All other defendants have failed to appear in this case.

consumer goods, has relationships with various merchants located in New Jersey and elsewhere throughout the United States. *Id.* ¶ 2; Defendant Tempoe's Opposition to Plaintiffs' Motion to Remand ("Def. Opp."), ECF No. 16 at 3. Plaintiffs allege that Tempoe's standard financing agreement is structured so that a customer makes installment payments over the course of several months, totaling about 90% of the retail price, after which the customer has the option to purchase the product for about 55% of the total price. Compl. ¶ 3. Plaintiffs allege that this results in the "consumer paying interest in excess of 175% APR to obtain ownership of the goods, in violation of New Jersey's Criminal Usury Statute." *Id.* Plaintiffs further allege defendant characterizes these contracts as leases, rather than a loan or installment sales contract, in an attempt to circumvent usury and consumer protection laws. *Id.* ¶ 4.

Plaintiff Alicia Garcia alleges she purchased furniture from Defendant Buy & Save Furniture, Inc. and agreed to finance the purchase through WhyNotLeaseIt[2] in April 2014, making a down payment of $615 and financing the balance of $1400. Compl. ¶ 44. After the transaction, defendant sent Garcia a Consumer Lease Agreement (the "Lease Agreement"), which indicates that after the lease period, the consumer had the following options: to continue the lease with additional payments, negotiate a price to purchase the property, or return the furniture. *Id.* ¶¶ 50-53. Before a scheduled payment, Garcia called Tempoe's customer service to make a principal reduction payment and was told that the contract was a lease, rather than a purchase, and that to purchase the furniture, she would have to finish the terms of the lease and make an additional payment. *Id.* ¶ 65. Garcia did not authorize additional payments on the furniture and, after Garcia defaulted, Tempoe sold and assigned her purported debt of $3,273 to a third-party debt-collector. *Id.* ¶ 68. The debt collector filed suit against Garcia on January 22,

---

[2] Defendant changed its business name from WhyNotLeaseIt, LLC to Tempoe, LLC in 2015. Compl. ¶ 12.

2

2016, which suit has been stayed pending the outcome of this litigation. *Id.* ¶¶ 69-70. Plaintiff Priscila Dominguez alleges similar facts against defendants. *See id.* ¶¶ 74-101.

Plaintiffs initiated this putative class action in the Superior Court of New Jersey, Law Division, Essex County on January 9, 2017. *See* Compl., ECF No. 1-3. They assert the following claims: violations of the New Jersey Consumer Fraud Act ("CFA") for which they seek declaratory and equitable relief (Count I); violations of the Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA") (Count II); and for a declaratory judgment as to the dispute resolution provisions of the Lease Agreement. *Id.*

On March 30, 2017, defendant Tempoe removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* ECF No. 1. On May 1, 2017, plaintiffs filed a motion to remand pursuant to the local controversy exception to CAFA, 28 U.S.C. § 1332(d)(4)(A). *See* Plaintiffs' Motion to Remand ("Pl. Mot.") ECF No. 11. Defendant opposed the motion. *See* Def. Opp. After Plaintiffs' reply brief called into question whether the amount in controversy had been met, this Court ordered supplemental briefing on that issue. ECF Nos. 27-28. This Court heard oral argument on this motion on October 23, 2017.

## II. STANDARD

Prior to the enactment of CAFA, many class actions, even those implicating matters of national importance, were excluded from federal courts as a result of the complete diversity of citizenship rule and the rule against aggregating claims. *See Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009). CAFA was passed to provide for "[f]ederal court consideration of interstate cases of national importance under diversity jurisdiction." *Id.* at 149 (quoting CAFA § 2, Pub. L. 109-2, 119 Stat. 4)). Pursuant to CAFA, federal courts have subject matter jurisdiction over any civil action where there are at least 100 members in the putative

3

class, minimal diversity is established, and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA allows a defendant to remove a qualifying class action from state to federal court. *Id.* § 1453(b).

CAFA also contains two mandatory exceptions, §§ 1332(d)(4)(A) & (B), "which require a district court to decline jurisdiction when the controversy is uniquely local and does not reach into multiple states." *Kaufman*, 561 F.3d at 149. First, the "home-state" exception, not at issue here, requires a court to decline jurisdiction "when the primary defendants and at least two-thirds of the members of the putative classes are local." *Id.* Second, the "local controversy" exception, which plaintiffs argue applies to the instant matter, requires a court to decline jurisdiction "if certain conditions are met, including that a super-majority of the members of the putative class and at least one significant defendant are from the state in which the class action was originally filed." *Id.* at 148 (citing 28 U.S.C. § 1332(d)(4)(A)).

### III. ANALYSIS

Plaintiffs move to remand on the grounds that the local controversy exception requires this Court to decline jurisdiction. Before reaching the issue of the local controversy exception, however, the Court must satisfy itself as a preliminary matter that it has subject matter jurisdiction over this action and that it was properly removed to this Court. *See Kaufman*, 561 F.3d at 151 (explaining that even though the parties did not dispute that CAFA's threshold requirements were met, "[w]e must nevertheless satisfy ourselves that federal subject matter jurisdiction exists in the first instance"). In deciding the motion, the Court notes that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citations omitted).

### A. Amount In Controversy

As stated above, CAFA provides that district courts have subject matter jurisdiction over cases where, *inter alia*, the total amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In their reply brief on this motion, plaintiffs suggested, while not arguing explicitly, that the amount in controversy may not have been satisfied. *See* ECF No. 18 at 9. With this, the Court *sua sponte* ordered supplemental briefing regarding this issue to examine whether there is the requisite $5 million in controversy to confer subject matter jurisdiction on this Court.

"It is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Generally, "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so," and should be accepted when not "contested by the plaintiff or questioned by the court." *Owens*, 135 S. Ct. at 551-53 (citing 28 U.S.C. § 1446(c)(2)(A)). Where there are contested jurisdictional facts, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). The amount in controversy is measured "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002).

To determine if a claim meets the jurisdictional amount under § 1332, the Court must examine what damages are available under state law. *Muchler v. Greenwald*, 624 F. App'x 794, 798 (3d Cir. 2015) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)). CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S 588, 592 (2013). "If the sum exceeds $5 million by a preponderance of the evidence–after the court's evaluation of the submitted proofs–the amount in controversy is met." *Hoffman v. Teleflora LLC*, No. 15-4810 (CCC), 2016 WL 423648, at *3 (D.N.J. Jan. 19, 2016), *report and recommendation adopted*, 2016 WL 438962 (D.N.J. Feb. 3, 2016).

Here, the Notice of Removal alleges that the amount in controversy is met with the value of: (1) the TCCWNA claim and attorneys' fees; and (2) the declaratory judgment and injunction sought as relief for the CFA claim. *See* ECF No. 1.

Turning first to the TCCWNA claim, TCCWNA provides: "Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." N.J.S.A. § 56:12-17. Pursuant to TCCWNA, Plaintiffs seek "statutory damages of not less than $100 in favor of Plaintiffs and all other members of the class." Compl. at 31.

The parties dispute the amount in controversy on this claim. Defendant argues that because the law does not limit the amount plaintiffs may recover, and provides for a civil penalty of "not less than $100," as a matter of law plaintiffs potentially may recover $100 for every alleged violation in each Lease Agreement. ECF No. 28 at 10-11. Defendant asserts that as

plaintiffs allege each Lease Agreement contains six TCCWNA violations, the amount in controversy is $600 per lease. *Id.* Plaintiffs, on the other hand, argue that the amount in controversy may only include the amount *available* to them as a matter of law. They posit that because no Court has granted a plaintiff more than $100 per contract, even if the contract contained multiple TCCWNA violations, a maximum of $100 per class member is the amount actually available pursuant to this claim. ECF No. 27 at 8.

Although the Court notes that, in several cases, plaintiffs sought and were awarded the minimum $100 statutory damages pursuant to TCCWNA, defendant has not cited, and the Court has not found, a case that expressly limits the statutory damages to such an amount. To the contrary, in *Walsh v. Defs. Inc.*, Civ. No. 16-753-(ES)-(SCM), 2016 WL 6775706, at *3 (D.N.J. July 15, 2016), this Court found that as the complaint alleged seven separate TCCWNA violations per contract, each unlawful contract should be valued at $700 in calculating the amount in controversy. *See also Truglio v. Planet Fitness, Inc.*, 15-7959-(FLW)-(LHG), 2016 U.S. Dist. LEXIS 98585, at *31 (D.N.J. July 28, 2016) (suggesting that the complaint's assertion of six violations per contract was "potentially representing $600 of statutory damages per class member under TCCWNA," but applying only $100 in damages, as the court already had dismissed all but one claim). Accordingly, as plaintiffs' complaint alleges the Lease Agreements contain at least six TCCWNA violations, and as there is no statutory language or binding precedent that mandates otherwise, the Court will calculate the amount in controversy as $600 per Lease Agreement entered by each class member. To limit each TCCWNA claim to $100 per lease would not be in keeping with the "legal certainty" test. *See Auto–Owners Ins. Co.*, 835 F.3d at 395.

Using a value of $600 per Lease Agreement and plaintiffs' conservative estimate of number of leases falling within the class definition of 15,000, the amount in controversy in statutory damages as to this claim alone is $9,000,000. Accordingly, the Court recommends finding that the amount in controversy is met. *See Owens*, 135 S. Ct. at 554 (noting the "strong preference that interstate class actions under CAFA should be heard in a federal court") (quoting S. Rep. No. 109–14, p. 43 (2005)).

### B. Local Controversy Exception

Plaintiffs' motion for remand alleges that even if the jurisdictional elements of CAFA are met, this Court must decline jurisdiction pursuant to the "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A)(i). *See* ECF No. 11. Plaintiffs bear the burden to establish that the exception applies. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009).

Under the local controversy exception, the district court must decline to exercise jurisdiction where four circumstances are satisfied:

(4) a district court shall decline to exercise jurisdiction under paragraph (2)

(A)

(i) over a class in which

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed

(II) at least 1 defendant is a defendant

(aa) from whom significant relief is sought by members of the plaintiff class

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the state in which the action was originally filed

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

8

> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons;

28 U.S.C. § 1332(d)(4). Here, the parties dispute whether there is at least one significant local defendant that would satisfy the criteria set forth in § 1332(4)(A)(i)(II).

Plaintiffs assert that in the aggregate, the group of all local defendants – the New Jersey Tempoe Retailers – collectively will satisfy the "significant defendant" requirement. Defendant urges that the plain reading of the statute precludes aggregating a group of defendants to meet this element, and that for the local controversy exception to apply there must be at least one *single* significant local defendant.

As a preliminary matter, it is important to note that contrary to plaintiffs' assertion, the Court may not consider the unnamed John Doe defendants in this inquiry, as they are not yet parties to this action. The Third Circuit holds "that the local controversy exception requires consideration of the defendants *presently* in the action." *Kaufman*, 561 F.3d at 153 (emphasis added) (finding district court erred in considering dismissed defendant as a "significant" defendant under this exception). *See also Quicken Loans Inc. v. Alig*, 737 F.3d 960, 966 (4th Cir. 2013) (finding that "because the class of unnamed defendant appraisers is not a party to this lawsuit, it was improper for the district court to consider them" in evaluating local controversy exception) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011)). Therefore, even if the Court could allow the "significant defendant" criteria to be satisfied by a group of defendants, the Court could consider only the two named local defendants in conducting its analysis and not the unnamed John Doe defendants.

In determining whether the two local defendants could (individually or collectively) be considered a significant defendant, the Court examines: (1) whether significant relief is sought

9

by members of the plaintiff class against the local defendants and (2) whether their alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class.

The Court first considers whether significant relief is sought against the local defendants. In defining the "significant basis" provision of this statute, the Third Circuit explained that the word "significant" is defined as "important, notable." *Kaufman*, 561 F.3d at 157 (citing *Oxford English Dictionary* (2d ed. 1989)). Therefore, the relief sought by members of the plaintiff class against the local defendants must be an *important* basis for relief. In Counts I and III, plaintiffs seek declaratory and injunctive relief as to the Lease Agreements between Tempoe and plaintiffs, seeking, *inter alia*, a declaration that the Lease Agreements violate a number of statutes and to enjoin Tempoe from further enforcing them. This relief is not sought from the local defendants, as they are not parties to the Lease Agreement and therefore would be wholly unaffected by the relief if it were granted.

In Count II, plaintiffs seek statutory damages pursuant to TCCWNA. Assuming without deciding that the local defendants may be required to pay such damages, the Court finds that the few thousand dollars in statutory damages for which the local defendants may potentially be liable does not form a significant or important part of the relief sought by members of the plaintiff class. The crux of the class action and the important aspects of the relief sought by plaintiffs relate to the nature of the Lease Agreements themselves and may be addressed without consequence to the local defendants. Indeed, the action could have been brought with exactly the same claims absent the local defendants altogether. Accordingly, the Court finds the significant relief element of the local controversy exception is not met. *See Woods v. Std. Ins. Co.*, 771 F.3d 1257, 1269 (10th Cir. 2014) (finding significant relief element not met when one

of six claims was asserted against local defendant and local defendant was not in position to provide declaratory or injunctive relief sought in complaint).

Moreover, the Court finds that the local defendants' alleged conduct does not form a significant basis for the claims asserted by the proposed plaintiff class. The Third Circuit's decision in *Kaufman v. Allstate New Jersey Insurance Co.*, 561 F.3d 144, is instructive as to this element. The *Kaufman* Court explained, "[i]n relating the local defendant's alleged conduct to all the claims asserted in the action, the significant basis provision effectively calls for comparing the local defendant's alleged conduct to the alleged conduct of all the [d]efendants." *Id.* at 156. Further, "the significant basis provision requires at least one local defendant whose alleged conduct forms a significant basis for *all the claims* asserted in the action." *Id.* at 155 (emphasis added). Notably here, as previously explained, the local defendants' conduct only forms a basis for one of the three claims asserted.

In considering whether there is at least one significant local defendant, the Third Circuit suggests nine areas of inquiry:

> 1) the relative importance of each of the claims to the action; 2) the nature of the claims and issues raised against the local defendant; 3) the nature of the claims and issues raised against all the [d]efendants; 4) the number of claims that rely on the local defendant's alleged conduct; 5) the number of claims asserted; 6) the identity of the [d]efendants; 7) whether the [d]efendants are related; 8) the number of members of the putative classes asserting claims that rely on the local defendant's alleged conduct; and 9) the approximate number of members in the putative classes.

*Id.* at 158 n.13.

Applying the relevant factors, the Court first notes that the claims asserted against the local defendants allege essentially that they were the mechanism through which Tempoe was able to enter into the unlawful Lease Agreements with plaintiffs. The Complaint's focus is on determining the legality of the Lease Agreements and the consequences of their allegedly

11

unlawful provisions, rather than on the means by which Tempoe or the New Jersey Retailers entered into or marketed the Lease Agreements. Therefore, there are no claims that "rely on" the local defendants' alleged conduct. Each claim asserted in the Complaint against Tempoe appears to be independent of the conduct alleged of the local defendants. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 584 (7th Cir. 2017) (finding local defendant not significant when out-of-state defendant "instructed" its attorneys, the local defendants, as to wrongdoing, explaining "[t]hese allegations highlight that the gravamen of this action is directed at [the out-of-state defendant], not its attorneys").

Further, taking into account the number of members of the putative class asserting claims that invoke the local defendants' alleged conduct, the claims asserted against the local defendants would constitute approximately 665 out of 15,000 claims, or just 4.4%. *See Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 507 n.8 (3d Cir. 2013) ("The focus is on the conduct in which the local defendant allegedly engaged and the alleged number of people impacted by it."); *Opelousas Gen. Hosp. Auth. v. Fairpay Solutions, Inc.*, 655 F.3d 358, 362 (5th Cir. 2011) (concluding that the local controversy exception did not apply when the plaintiff failed to show that the local defendant's conduct affected "all or a significant portion of the putative class"); *Evans V. Walter Indus., Inc.*, 449 F.3d, 1159, 1167 (11th Cir. 2006) (refusing to apply the "local controversy" exception when the plaintiff did not show that "a significant number or percentage of putative class members" had claims against the local defendants); S. Rep. 109–14, at 40 (2005) ("[T]he local defendant must be a primary focus of the plaintiffs' claims—not just a peripheral defendant. The defendant must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class membership) . . . . ").

Accordingly, the Court cannot find that the alleged conduct of the local defendants constitutes a significant basis for the claims asserted by the proposed plaintiff class.

As plaintiffs fail to meet their burden to show there is at least one significant local defendant, the Court recommends finding that the local controversy exception does not apply.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that plaintiffs' motion to remand this action (ECF No. 11) be **DENIED**.

The parties are hereby advised that, pursuant to Fed. R. Civ. P. 73(b)(2), they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated: November 15, 2017

*Leda Dunn Wettre*
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:  Clerk of the Court
cc:  Hon. Susan D. Wigenton, U.S.D.J.
　　 All Parties