<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALICIA GARCIA, and PRISCILA DOMINGUEZ, on behalf of themselves and others similarly situated, | Civil Action No. 17-2106 (SDW) (LDW) |
| Plaintiffs, | **ORDER** |
| v. | |
| TEMPOE, LLC, et al., | December 19, 2017 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is the Report and Recommendation ("R&R") issued on November 15, 2017 by Magistrate Judge Leda Dunn Wettre ("Judge Wettre"), recommending that Plaintiffs' Motion to Remand be denied. (ECF No. 29.) Plaintiffs Alicia Garcia and Priscila Dominguez (collectively, "Plaintiffs") objected to the R&R on November 29, 2017, and Defendant Tempoe, LLC ("Defendant") responded to Plaintiffs' objections on December 13, 2017. (ECF Nos. 30-31.)

Review of the R&R, as well as objections to it, are governed by Local Civil Rule 72.1, which provides that the Court "shall make a *de novo* determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998). The Court has reviewed the R&R and record in this matter, and agrees with Judge Wettre's analysis and conclusions.

Whether statutory damages under N.J. Stat. Ann. § 56:12-17 are limited to $100 per lease, or should be valued at $100 per violation of the Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA") in each lease, is a question of law. As such, the Magistrate Judge's use of the "legal certainty" standard to calculate statutory damages was appropriate. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 503-04 (3d Cir. 2014) ("[The] legal certainty test also applies where . . . the amount in controversy is 'determined in whole or in part' by applicable law."); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 397-98 (3d Cir. 2004) ("In deciding applicable state law, the preponderance of the evidence standard would have no utility.").

Because the TCCWNA provides for a civil penalty of "not less than $100" and Plaintiffs' complaint alleges that each lease agreement contains six (6) TCCWNA violations, the Magistrate Judge's calculation of the amount in controversy (*i.e.*, $600 per lease agreement entered by each class member) was reasonable. (R&R at 7.); *see also Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) ("The court must measure the amount [in controversy] 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'"). Furthermore, as Defendant proffers that there are well over 6411 lease transactions at issue, (Rines Decl., Oct. 16, 2017, ECF No. 28-1), this Court finds that the amount in controversy exceeds the $5 million threshold required under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also Kendall v. CubeSmart L.P.*, No. 15-6098, 2015 WL 7306679, at *5 (D.N.J. Nov. 19, 2015) (including an attorneys' fee award of thirty percent when calculating the amount in controversy). Judge Wettre's findings as to the class size and amount in controversy are supported by the record.

Based on the foregoing, and for good cause shown, it is hereby

**ORDERED** that the R&R of Judge Wettre (ECF No. 29) is **ADOPTED** as the conclusions of law of this Court.

**SO ORDERED**.

s/ Susan D. Wigenton, U.S.D.J.

Orig: Clerk
cc: Parties
     Magistrate Judge Wettre