NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALICIA GARCIA and PRISCILA DOMINGUEZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEMPOE, LLC, et al.,<br><br>Defendants. | Civil Action No. 17-2106 (SDW) (LDW)<br><br>**OPINION**<br><br>March 29, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant TEMPOE, LLC's ("TEMPOE" or "Defendant") Motion to Compel Arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, or alternatively, to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d). Venue is proper pursuant to 28 U.S.C. § 1441(a). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons stated below, this Court **GRANTS** Defendant's Motion to Compel Arbitration.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant motion. TEMPOE is a company that partners with independent retailers to offer consumer financing for household furniture and appliances. (Compl. ¶ 2, ECF No. 1-3.) In the course of purchasing

furniture, Plaintiffs Alicia Garcia ("Garcia") and Priscila Dominguez ("Dominguez") (collectively, "Plaintiffs") entered into Consumer Lease Agreements ("Agreements") with TEMPOE[1]. (*Id.* ¶¶ 44-45, 50, 74-75, 80.) The Agreements include the following provision:

> **ARBITRATION**. You and we agree that any claim or dispute arising from or in any way related to the Agreement must be resolved by binding arbitration in the state where you live instead of a lawsuit. If you want to opt out of arbitration with us you must notify us in writing of your decision within ten days of executing a lease Agreement. Our Agreement to arbitrate will be governed by the federal arbitration Act, 9 U.S.C. Sections 1-16 and the substantive law of your state. . . . Arbitrators can award reasonable attorney's fees and costs to the prevailing party, but neither party shall be permitted to recover punitive, exemplary or multiple damages from the other party. . . . Our agreement to arbitrate will survive termination of the Agreement and continue in effect to resolve any disputes between us. Agreeing to arbitration means that you are waiving your right to a trial by jury and your right to have a court resolve your dispute. You are waiving your right to participate in a class action lawsuit and to certain discovery rules that apply in lawsuits. We both agree that neither you nor we will request the arbitration to be conducted as a class-wide arbitration. We both agree that no arbitrator will have authority to certify a class in the arbitration or to conduct class-wide arbitration and that she can only decide disputes between you and us. If any part of this arbitration agreement is ruled invalid, then any underlying dispute must be resolved by a judge, sitting without a jury, in a court of competent jurisdiction, and not as a class action lawsuit.

(*Id.,* Ex. A at 5, Ex. B at 5-6.)

Plaintiffs assert that although they had intended to purchase the furniture, they were given "short-term lease[s] with an option to purchase at the end of the term[.]" (*Id.* ¶¶ 21, 47-49, 77-79.) Upon learning that they had entered into allegedly "usurious rent-to-own contracts[,]" Plaintiffs ceased making payments. (*Id.* ¶¶ 1, 66, 95.) They allege that Defendant thereafter

---

[1] Plaintiff Garcia financed her purchase with WhyNot Leasing, LLC. (*Id.*, Ex. A.) In 2015, WhyNot Leasing, LLC changed its name to TEMPOE. (*Id.* ¶ 12.) For the purposes of this Opinion, this Court will refer to WhyNot Leasing, LLC and TEMPOE interchangeably.

imposed improper fees, interest, and/or finance charges before selling and assigning Plaintiffs' accounts to third-party debt collectors. (*Id.* ¶¶ 68-73, 98-101.)

Plaintiffs filed a putative class action in the Superior Court of New Jersey, Law Division, Essex County on January 9, 2017. (*See generally* Compl.) The Complaint alleges violations of the New Jersey Consumer Fraud Act ("CFA") (Count I) and of the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA") (Count II); in addition, Plaintiffs seek a declaratory judgment as to the dispute resolution provisions of the Agreements (Count III). (*Id.*) On March 30, 2017, Defendant removed the case to this Court. (ECF No. 1.) On May 1, 2017, Plaintiffs moved to remand; and on December 19, 2017, this Court adopted Magistrate Judge Leda Dunn Wettre's Report and Recommendation, which denied Plaintiffs' motion. (ECF Nos. 11, 32.) On December 22, 2017, Defendant filed the instant Motion to Compel Arbitration, or alternatively, to Dismiss. (ECF No. 33.) Plaintiffs filed their opposition on January 26, 2018, and Defendant replied on February 5, 2018. (ECF Nos. 42-43.)

**II. LEGAL STANDARD**

"The FAA federalizes arbitration law and 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate . . . .'" *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir. 1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Courts are authorized to compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014) (quoting *Kirleis v. Dickie, McCamey & Chilcote,*

3

*P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). To conduct this inquiry, the court shall apply "ordinary state-law principles that govern the formation of contracts." *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

When determining whether a valid arbitration agreement exists, a court must first decide whether to use the Rule 12(b)(6) or Rule 56 standard. *See Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Rule 12(b)(6) standard applies when arbitrability is "apparent, based on the face of a complaint, and documents relied upon in the complaint[.]" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotation marks omitted). However,

> [w]here the complaint does not establish with clarity that the parties have agreed to arbitrate, or when the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration agreement, a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record.

*Noonan v. Comcast Corp*, No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017) (citing *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 639 F. App'x 824, 826-27 (3d Cir. 2016)). "In such circumstances, the motion should be adjudicated under the Rule 56 standard for summary judgment." *Id.; see e.g., Terra Fin., LLC v. Acrow Corp. of Am.*, No. 16-0075, 2017 WL 499673, at *2 (D.N.J. Feb. 7, 2017) (applying Rule 56 standard where the plaintiffs submitted a sworn declaration and exhibits to show the arbitration clauses were unconscionable).

### III. DISCUSSION

As a threshold matter, this Court notes that the instant motion is based on the Agreements' arbitration provisions, which are attached to and referenced in the Complaint. *See Silfee v. Automatic Data Processing, Inc.*, 696 F. App'x 576, 578 (3d Cir. 2017) (explaining that

the Rule 12(b)(6) standard applies "if a party moves to compel arbitration based on an authentic arbitration agreement that is attached to the complaint"). In their opposition, Plaintiffs have not submitted any additional evidence to suggest that it did not intend to be bound by the Agreements. Therefore, this Court will apply the Rule 12(b)(6) standard in deciding this motion.

Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "This saving clause permits agreements to arbitrate to be invalidated by generally applicable contract defenses," including unconscionability. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotation mark omitted) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). Courts generally apply state law to determine whether an arbitration agreement is unconscionable, so long as the FAA has not displaced those principles. *See Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 230 (3d Cir. 2012).

Under New Jersey law, "to invalidate an agreement by defense of unconscionability, a court must find both procedural and substantive unconscionability." *Khan v. Dell Inc.*, No. 09-3703, 2014 WL 718314, at *6 (D.N.J. Feb. 1, 2014) (citing *Rudbart v. N. Jersey Dist. Water Supply Comm'n*, 605 A.2d 681, 687 (N.J. 1992)). Procedural unconscionability, or unfairness in the formation of the contract, "can include a variety of inadequacies, such as age, literacy, lack of sophistication, hidden or unduly complex contract terms, bargaining tactics, and the particular setting existing during the contract formation process." *Sitogum Holdings, Inc. v. Ropes*, 800 A.2d 915, 921 (N.J. Super. Ct. Ch. Div. 2002). Substantive unconscionability is characterized by excessively disproportionate terms that would "shock the court's conscience." *Id.*

Here, Plaintiffs argue that the Agreements are unconscionable and violate public policy because they contain waivers of their statutory rights to mandatory treble damages, potential

5

punitive damages, and one-way fee shifting, as provided under the CFA and/or TCCWNA.[2] *See* N.J. Stat. Ann. §§ 56:8-19, 56:12-17. However, the Third Circuit has held that waivers of state law rights in an arbitration agreement "cannot be asserted to avoid the *arbitration* agreed to therein." *Great W. Mortg. Corp. v. Peacock*, 110 F.3d 222, 231 (3d Cir. 1997). "Rather, the party challenging the validity of such waivers must present her challenge to the arbitrator, who will determine the validity and enforceability of the waiver of asserted state law rights." *Id.* at 231-32 (declining to determine whether the plaintiff waived her right to statutory attorney's fees and punitive damages, and reserving such questions for the arbitral forum). In light of *Peacock*, this Court need not decide whether Plaintiffs waived their statutory rights under the CFA and TCCWNA, or whether such waivers are enforceable; those determinations are reserved for the arbitrator.[3]

Additionally, it is well-established that even if a contract is adhesive, it may still be enforceable.[4] *See Martindale*, 800 A.2d at 880. "[A]dhesion contracts invariably evidence some characteristics of procedural unconscionability, and a careful fact-sensitive examination into substantive unconscionability is generally required." *Vilches v. Travelers Cos., Inc.*, 413 F. App'x 487, 493 (3d Cir. 2011) (internal quotation marks omitted) (citing *Moore v. Woman to Woman Obstetrics & Gynecology, LLC*, 3 A.3d 535, 540 (N.J. 2010)). Thus, courts have looked to the "subject matter of the contract, the parties' relative bargaining positions, the degree of economic compulsion motivating the 'adhering' party, and the public interests affected by the

---

[2] Specifically, Plaintiffs are referring to the sections in the Agreements that prohibit either party from recovering "punitive, exemplary or multiple damages[,]" and permit arbitrators to award attorney's fees and costs to the "prevailing party," rather than to the "prevailing plaintiff." (Compl., Ex. A at 5, Ex. B at 5-6.)

[3] Although the Supreme Court of New Jersey held that a cost-shifting provision in an arbitration agreement "would be unconscionable and unenforceable if interpreted and applied" against the plaintiff, the court also explained that the provision was "subject to interpretation, but only by an arbitrator." *Delta Funding Corp. v. Harris*, 912 A.2d 104, 110, 113-14 (N.J. 2006). Thus, this Court's holding is consistent with *Delta Funding Corp.*

[4] Contracts of adhesion are contracts "presented on a take-it-or-leave-it basis, commonly in a standardized printed form, without opportunity of the 'adhering party' to negotiate except perhaps on a few particulars." *Martindale v. Sandvik, Inc.*, 800 A.2d 872, 880 (N.J. 2002) (quoting *Rudbart*, 605 A.2d at 685).

contract." *Rudbart*, 605 A.2d at 687. In the instant matter, beyond arguing that the Agreements are adhesive, (Pls.' Opp'n Br. at 21-23, ECF No. 42), Plaintiffs have not demonstrated that the Agreements are also substantively unconscionable. *See Khan*, 2014 WL 718314, at *2 (explaining that the party opposing arbitration has the burden of showing the arbitration agreement is not enforceable). Accordingly, this Court finds that the arbitration provisions are not unconscionable.[5]

In New Jersey, "an arbitration provision in a consumer contract must state in a clear and unambiguous way that arbitration is a substitute for a consumer's right to pursue relief in a court of law." *Noonan*, 2017 WL 4799795, at *5. Here, the Agreements clearly and unambiguously reflect an intention to arbitrate "any claim or dispute arising from or in any way related to the Agreement[.]"[6] (Compl., Ex. A at 5, Ex. B at 5-6.) As such, this Court finds that the parties have entered into valid arbitration agreements, and that their disputes are within the scope of those agreements.

Based on the foregoing, the parties are to proceed to arbitration as set forth in their Agreements, but not on a class-wide basis. Pursuant to the Agreements, "no arbitrator will have authority to certify a class in the arbitration or to conduct class-wide arbitration . . . ." (Compl., Ex. A at 5, Ex. B at 5-6.) "Arbitration agreements that contain waivers of class actions are valid." *Gates v. Northland Grp., Inc.*, No. 16-1492, 2017 WL 680258, at *2 (D.N.J. Feb. 21, 2017) (citing *Concepcion*, 563 U.S. at 348); *see also Litman v. Cellco P'ship*, 655 F.3d 225, 232

---

[5] This Court need not address Plaintiffs' arguments that the Agreements, in their entirety, are unconscionable because "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006); *see also SBRMCOA, LLC v. Bayside Resort, Inc.*, 707 F.3d 267, 271 (3d Cir. 2013) ("[I]f a contract contains an arbitration clause, challenges to the validity of the contract as a whole are for the arbitrator to decide.").
[6] Plaintiffs do not dispute that they entered into the Agreements, or that their claims are within the scope of the arbitration provisions. (Pls.' Opp'n Br. at 1, 10.)

(3d Cir. 2011) (rejecting New Jersey law holding that waivers of class arbitration are unconscionable).

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel Arbitration is **GRANTED**.[7] An appropriate order follows.

/s/ Susan D. Wigenton<br>
SUSAN D. WIGENTON, U.S.D.J.

cc: Clerk
    Parties
    Magistrate Judge Wettre

---

[7] This Court will not address the arguments raised in the Motion to Dismiss, which Defendant included as an alternative to the Motion to Compel.