<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

May 21, 2018

Henry P. Wolfe, Esq.
The Wolf Law Firm LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
*Counsel for Plaintiffs*

Michael R. McDonald, Esq.
Kate Janukowicz, Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102
*Counsel for Defendant*

## **LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    **Re:**    **Garcia, et al. v. TEMPOE, LLC, et al.**
              **Civil Action No. 17-2106 (SDW) (LDW)**

Counsel:

Before this Court are Plaintiffs Alicia Garcia and Priscila Dominguez's (collectively "Plaintiffs") Motion for Correction of Order Arising from Oversight or Omission, pursuant to Federal Rule of Civil Procedure ("Rule") 60(a), as it relates to this Court's March 29, 2018 Order ("March 29th Order"). This Court having considered the parties' submissions and the March 29th Order, decides this matter without oral argument pursuant to Rule 78. For the reasons discussed below, Plaintiffs' motion is **DENIED**.

## **DISCUSSION**

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to this motion. The March 29th Order and accompanying Opinion granted Defendant TEMPOE, LLC's ("Defendant") Motion to Compel Arbitration. (ECF Nos. 47-48.) On April 23, 2018, Plaintiffs filed the instant Motion for Correction of Order Arising from Oversight or Omission, arguing that the March 29th Order overlooked the portion of Defendant's motion that requested either a stay or dismissal. (ECF No.

49.) Plaintiffs express a preference for dismissal. (*Id.*) On May 1, 2018, Defendant opposed Plaintiffs' motion, and requested a stay during the pendency of the arbitrations. (ECF No. 50.) Plaintiffs replied on May 14, 2018. (ECF No. 51.)

Rule 60(a) provides that "[t]he court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Upon review, the March 29th Order needs no correction. However, to the extent that its effect is ambiguous to the parties, this Court will provide clarification. Given that Defendant's Motion to Compel Arbitration was granted, pursuant to § 3 of the Federal Arbitration Act, this case is stayed until completion of the arbitrations. *See* 9 U.S.C. § 3 ("[U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]").

### **CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Correction of Order is **DENIED**, and Defendant's request to stay the case is **GRANTED**. An appropriate Order follows.

    /s/ Susan D. Wigenton
SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
     Leda Dunn Wettre, U.S.M.J.